# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MELOGRO RAINEY,

           Petitioner,   :      Case No. 1:24-cv-437

    - vs -                        District Judge Matthew W. McFarland
                                              Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

                                :
          Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought by Petitioner pursuant to 28 U.S.C. § 2254 with the assistance of counsel, is before the Court for decision on the merits. Relevant pleadings are the Amended Petition (ECF No. 8-1), Petitioner's Brief in Support of the Amended Petition (ECF No. 10), the State Court Record (ECF No. 12), the Return of Writ (ECF No. 13), Petitioner's Reply/Traverse (ECF No. 16), and Respondent's Response to the Traverse (embedded in ECF No. 17).

The Magistrate Judge reference in the case has been transferred to the undersigned pursuant to Amended General Order 22-05 to help balance the Magistrate Judge workload in the District (ECF No. 18).

**Litigation History**

In February 2021 a Hamilton County grand jury returned an indictment charging Rainey and a co-defendant, Kendall Tye, with five counts of drug trafficking in violation of Ohio Revised Code § 2925.03(A)(2), five counts of drug possession in violation of Ohio Revised Code § 2925.11(A), and one count having a weapon while under a disability in violation of Ohio Revised Code § 2923.13(A)(3). Counts one and two included major drug offender specifications. Counts five and six also included major drug offender specifications, and the drug involved was a fentanyl-related compound. The weapons under disability count was tried to the bench and resulted in an acquittal. A jury convicted Rainey on all other counts.

Rainey appealed to the First District Court of Appeals which affirmed. *State v. Rainey*, 2023-Ohio-4666 (Ohio App. 1st Dist. Dec. 22, 2023). Rainey appealed to the Supreme Court of Ohio, but that court declined to exercise jurisdiction. *State v. Rainey*, 173 Ohio St. 3d 1433 (Mar. 19, 2024).

On March 1, 2024, Rainey filed a motion for leave to file a delayed motion for new trial based on the Affidavit of co-defendant Tye that Rainey was unaware of the drugs in the house where they were seized (Motion, State Court Record, ECF No. 12, Ex. 27). The trial court denied the motion (*Id.* at Ex. 30) and Rainey appealed September 9, 2024 (*Id.* at Ex. 32). It appears from the State Court Record that that appeal remained pending when the record was filed in this Court.

Rainey's *pro se* Petition was docketed in this Court on August 14, 2024 (ECF No. 1). Petitioner's counsel then entered his appearance and filed an Amended Petition (ECF No. 8-1) pleading the following grounds for relief:

> **Ground One**: Mr. Rainey's constitutional rights to due process, equal protection and fair trial were violated when, over objection, the trial court instructed the jury on constructive possession in a way that substantially lowered the state's burden of proof if not

2

eliminated an element to be proved to the jury beyond a reasonable doubt.

**Supporting Facts:** The improper instructions to the jury concerning what the state was required to prove as to constructive possession lowered the burden of proof for the state and/or eliminated an element to be proved beyond a reasonable doubt.

**Ground Two**: The Ohio state courts' decision that Mr. Rainey's rights to due process, equal protection and fair trial were not denied by the constructive possession jury instructions was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

**Supporting Facts:** The improper instructions to the jury concerning what the state was required to prove as to constructive possession lowered the burden of proof for the state and/or eliminated an element to be proved beyond a reasonable doubt.

**Ground Three**: The judgment of the Ohio state courts resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law including *Strickland v. Washington* and *United States v. Cronic* or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

**Supporting Facts**: With a circumstantial and constructive possession case against Rainey, the State made multiple attempts to paint Rainey as a bad or criminal person, including by eliciting testimony that was inadmissible, inflammatory and/or unfairly prejudicial. Trial counsel failed to object to this improperly admitted evidence.

**Ground Four**: The judgment of the Ohio state courts resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law including *In re Winship* and *Sandstrom v. Montana,* or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

**Supporting Facts:** Even viewing the evidence in a light most favorable to the State, it failed to establish beyond a reasonable doubt that Rainey constructively possessed the items subject to his

> possession and trafficking charges. Only by making improper inferences, speculating, or relying on the inadmissible evidence was the jury able to find Rainey guilty.

(Amended Petition, ECF No. 8-1, PageID 60 *et seq.*) Because the Amended Petition completely replaced the original *pro se* Petition, the analysis below deals with the claims as pleaded in the Amended Petition.

## Analysis

**Ground One: Constitutionally Deficient Jury Instruction on Constructive Possession**

In his First Ground for Relief, Petitioner alleges that the trial court's jury instruction on constructive possession deprived him of his constitutional rights to due process, equal protection, and a fair trial in that it diminished the State's required burden to prove beyond a reasonable doubt the element of possession by the Petitioner of the drugs involved.

Rainey presented a jury instruction assignment of error on direct appeal, but argued it entirely in terms of Ohio law. As to any constitutional claim, he asserted only that the instruction as given violated his "constitutional rights to due process" (Appellant's Brief, State Court Record, ECF No. 12, Ex. 18, PageID 391). Petitioner cited no federal precedent in arguing his First Assignment, merely stating at the conclusion of a nine-page argument that the instruction as given deprived him of his "constitutional rights to due process." (*Id.* at PageID 399). His statement on the prior page that "An improper [jury] instruction not only violates a defendant's Fifth Amendment due process rights to a fair trial, but also the derivative Sixth Amendment jury trial right" also has no cited precedent.[1]

---

[1] The statement is also grossly inaccurate. A state criminal defendant's due process rights are guaranteed directly by the Due Process Clause of the Fourteenth Amendment, not the Fifth. The jury trial right enjoyed by all criminal

4

The First District restated the First Assignment of Error as follows:

> {¶26} In his first assignment of error, Rainey argues that the trial court's constructive-possession jury instruction materially misstated Ohio law and misled the jury. He asserts that the trial court's choice of the words, "**able to exercise** dominion or control" changed the behavior necessary to establish constructive possession, and those words are not interchangeable with "**exercises** dominion or control."

*State v. Rainey, supra.* The First District found that the constructive possession instruction as given was consistent with its own precedent over a period of fifty years. *Id.* at ¶ 33, citing *Cincinnati v. Stirsman*, 322 N.E.2d 282, 283 (1st Dist.1974), and with that of every other Ohio appellate district. *Id.* at ¶ 35. The court concluded:

> {¶37} When read in their entirety, the jury instructions accurately reflect the relevant constructive-possession law as described by this court and every other appellate district in Ohio. The instructions clearly explain that (1.) possession may be actual or constructive, (2.) a person's mere presence near an object does not establish possession, and (3.) constructive possession exists where a person is aware of an object's presence and is able to exercise dominion and control over the object. We find no merit to Rainey's argument.

*State v. Rainey, supra.*

The First District makes no mention of the United States Constitution in deciding Petitioner's First Assignment of Error. Its decision reads as based entirely on Ohio law.

The Magistrate Judge concludes Petitioner has procedurally defaulted his First Ground for Relief by failing to fairly present it as a constitutional issue to the Ohio courts.

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis

---

defendant is not "derivative" of the Fifth Amendment, but expressly stated in the Sixth Amendment, incorporated into the Fourteenth per *Duncan v. Louisiana*, 391 U.S. 145, 88 S. Ct. 1444, 20 L. Ed. 2d 491 (1968).

of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

> Principles of comity require that we not seek to upset a state court conviction on the basis of an alleged constitutional violation that the state court never had an opportunity to correct. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982). "Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts." *Lyons v. Stovall*, 188 F.3d 327, 331–32 (6th Cir. 1999) (quoting *Picard v. Connor*, 404 U.S. 270, 276 (1971)). "[I]f an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas review." *Awkal v. Mitchell*, 613 F.3d 629, 646 (6th Cir. 2010) (en banc) (quoting *Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002)).

*Allen v. Mitchell*, 953 F.3d 858 (6th Cir. 2020).

Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

Merely using the tag line "constitutional rights to due process" at the end of the argument of the First Assignment of Error in the First District does not do the job. And Petitioner was

6

represented on direct appeal by a distinguished criminal defense lawyer who has not been later found to have provided ineffective assistance of appellate counsel for not "constitutionalizing" this claim. Indeed no claim of ineffective assistance of appellate counsel has been made by way of an application under Ohio App. R. 26(B) to reopen the direct appeal and that possible remedy is now barred by the ninety-day time limit on such applications. Ground One should be dismissed as procedurally defaulted.

**Ground Two:  Unconstitutional Jury Instruction**

In his Second Ground for Relief, Petitioner restates the First Ground, claiming the constructive possession instruction as given diminished the State's burden of proof in violation of the Due Process, Equal Protection, and Fair Trial Clauses of the United States Constitution. Merely mentioning "due process" and "fair trial" are inadequate, and "equal protection" is not even mentioned.

This claim is procedurally defaulted for the same reasons given as to Ground One.

**Ground Three:  Ineffective Assistance of Trial Counsel**

In his Third Ground for Relief, Petitioner asserts he received ineffective assistance of trial counsel when his trial attorney failed to object to the admission of testimony that was inadmissible, inflammatory, and/or unfairly prejudicial. He asserts the First District's decision to the contrary is an unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984), and *United States v. Cronic,* 466 U.S. 648 (1984), leading Supreme Court precedent on the issue of ineffective assistance of trial counsel.

Petitioner pleaded ineffective assistance of trial counsel as his second assignment of error on direct appeal. The First District decided it as follows:

> {¶42} Rainey's second assignment of error asserts that he received ineffective assistance of counsel, denying him his sixth amendment right to counsel.
>
> **1. Ineffective-assistance claims require proof of deficiency and prejudice**
>
> {¶43} To succeed on an ineffective-assistance-of-counsel claim, an appellant must show that (1) counsel's performance was deficient, and (2) the deficient performance deprived the appellant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other." *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000).
>
> {¶44} In any ineffectiveness-of-counsel case, counsel's decisions must be directly assessed for reasonableness, applying a heavy measure of deference to counsel's judgments. *Strickland* at 668, 104 S.Ct. 2052. "A licensed attorney is presumed to be competent, and a defendant claiming ineffective assistance bears the burden of proof." *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). Debatable trial tactics do not demonstrate deficient performance and "do not constitute a deprivation of the effective assistance of counsel." *State v. Smith*, 1st Dist. Hamilton No. C-180151, 2019-Ohio-5264, ¶ 63, quoting *State v. Clayton*, 62 Ohio St.2d 45, 49, 402 N.E.2d 1189 (1980). We "must refrain from second-guessing strategic, tactical decisions and strongly presume that counsel's performance falls within a wide range of reasonable legal assistance." *State v. Carter*, 72 Ohio St.3d 545, 558, 651 N.E.2d 965 (1995).
>
> {¶45} "To warrant reversal, '(t)he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), quoting *Strickland* at 694, 104 S.Ct. 2052. "Speculation about the factfinder's possible reaction to trial counsel's strategy is insufficient to demonstrate prejudice." *State v. Sowell*, 148 Ohio St.3d 554, 2016-Ohio-8025, 71 N.E.3d 1034, ¶ 142.

2. Counsel's performance was not deficient

{¶46} Rainey argues that he was prejudiced by trial counsel's failure to preserve his objection to the trial court's constructive-possession instruction. But because the trial court's constructive-possession instruction was a correct statement of law, Rainey's counsel was not ineffective for failing to preserve his challenge to the instruction. Rainey also argues that he was prejudiced by counsel's failure to object to irrelevant and hearsay evidence, which allegedly tainted the jury's verdict.

a. Surveillance evidence

{¶47} Rainey challenges the testimony and evidence involving police traffic stops and surveillance during the year before his arrest, arguing that the testimony was elicited solely to portray Rainey as a drug trafficker without any evidence to substantiate it. Specifically, Rainey asserts that allowing the jury to know that police had been surveilling Rainey for a year before his arrest was prejudicial because it "usurped the presumption of innocence."

{¶48} After police first saw Rainey enter and exit from the Baltimore property about a year before his arrest, an officer performed a pretextual stop to identify Rainey. The officers stopped him on other occasions when he was in the vicinity of or at the Baltimore property. The officers who stopped Rainey testified that they were in various units that monitored drugs, gangs, and violence. Officer Condon testified, without objection, that he saw in Rainey's vehicle "marijuana shake," which is left over from someone using a grinder to separate marijuana seeds from leaves.

{¶49} We cannot say that Rainey's counsel's failure to object was not trial strategy. But even if counsel should have objected, Rainey cannot establish that there was a reasonable probability of a different outcome in his trial. There was a plethora of evidence supporting Rainey's convictions. If the trial court had excised evidence about the police surveillance and traffic stops, the result likely would remain the same.

b. Evid.R. 404 Evidence

{¶50} Rainey takes issue with an officer describing Rainey as a drug dealer, asserting that it was other-acts evidence under Evid.R. 404(B) to which Rainey's counsel should have objected.

9

> {¶51} Though Rainey takes issue with the officer's description of Rainey—calling him a "larger-scale drug trafficker"—he fails to explain how this amounted to other-acts evidence. The crux of this case is that Rainey used the Baltimore property as his base for his drug-trafficking operation. Counsel was not ineffective for failing to object to other-acts testimony that did not exist.
>
> **c.** Cumulative Error
>
> {¶52} Finally, Rainey asserts that the cumulative effect of trial counsel's ineffective assistance deprived him of his sixth amendment right to counsel. But because we hold that Rainey's counsel's performance was not deficient, there was no cumulative error. We overrule Rainey's second assignment of error.

*State v. Rainey, supra.*

Thus the First District decided Rainey's ineffective assistance of trial counsel claim applying the governing standard from *Strickland v. Washington,* 466 U.S. 668 (1984). Petitioner's burden in habeas corpus is to show that the application was objectively unreasonable.

Petitioner makes clear in his Reply that his ineffective assistance of trial counsel claim is "that counsel erred in failing to object to Condon's testimony of "marijuana shake," PageID#98, Weigand's testimony that Howard saw a hand-to-hand drug deal, PageID#99, and Weigand's testimony calling Rainey a large-scale drug trafficker. PageID#100." (Reply, ECF No. 16, PageID 1511).

What the State had to prove in this case was that Rainey had constructive possession of the drugs and drug distribution equipment found inside the Baltimore Street address. Petitioner concedes the Sixth Circuit has "'repeatedly recognized that prior drug distribution evidence is admissible to show intent to distribute,' but such evidence is 'probative of present intent to possess and distribute' only when 'the prior distributions were part of the same scheme or involved a similar modus operandi as the present offense.'" *United States v. Jaffal*, 79 F.4th 582, 595 (6th Cir. 2023) (quoting *United States v. Bell*, 516 F.3d 432, 443 (6th Cir. 2008), and *United States v.*

10

*Ayoub*, 498 F.3d 532, 548 (6th Cir. 2007)). *Jaffal* also holds prior acts of personal drug use are not probative of intent to distribute drugs." *Jaffal*, 79 F.4th at 595 (citing *Bell*, 516 F.3d at 443-44).

The objected-to evidence is relevant to show modus operandi, to wit, use of the Baltimore property as a stash house in that the other drug-related incidents testified to occurred in proximity to that address. The testimony about marijuana "shake" appears to be dealer-related in that it sounds like the by-product of preparing marijuana for sale.[2] Officer Weigand's characterization of Rainey as a "large-scale" dealer perhaps lacked a proper foundation, but the lack of such a foundation is not something a defense attorney would want to call attention to because the foundation might then be laid.

In sum, it is not clear what objection(s) would have been sustained to any of these comments, much less that failure to object was deficient performance because objection(s) would have called the jury's attention to the comments. The comments were prejudicial in the same sense that any evidence tending to prove the State's case is "prejudicial," that is to say relevant. The First District correctly concluded that there was no "other bad acts" evidence in the sense of prior convictions or prior misconduct unconnected with the Baltimore Street property.

Where a petitioner raises ineffective-assistance-of-counsel claims that a state court has already rejected, [federal] review is "doubly" deferential to counsel's strategic choices during the trial. *Hartman v. Yost,* 146 F.4th 463 (6th Cir. Jul. 24, 2025), citing *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009)). A state court's rejection of a claim *precludes* federal habeas relief unless no fairminded jurist could agree with the state court. *Hartman*, citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)(emphasis in

---

[2] The undersigned may be very naïve about drug use, but has not heard of marijuana users "grinding their own" despite having heard hundreds of marijuana cases over four decades of sitting.

11

original). *Id.* It's not enough that the petitioner might succeed in federal court on a *de novo* application of Supreme Court caselaw. "AEDPA demands more." *Id.* at 102.

Rainey has not shown that the First District's decision is either contrary to or an objectively unreasonable application of *Strickland* or an unreasonable decision in light of the evidence of record. Ground Three should be denied on the merits.

**Ground Four: Insufficient Evidence to Convict**

In his Fourth Ground for Relief, Petitioner argues there was insufficient evidence to convict. But he comes at this claim by way of a reassertion about the insufficiency of the jury instruction on constructive possession. That is, he claims the instruction as given allowed the jury to convict on insufficient evidence.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting

*Jackson*). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* (quoting *Jackson*, 443 U.S. at 324). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.* A sufficiency challenge should be assessed against the elements of the crime, not against the elements set forth in an erroneous jury instruction. *Musacchio v. United States*, 577 U.S. 237 (2016).

In this case Rainey has contended that Ohio law required the State to prove beyond a reasonable doubt that he actually exercised control over the Baltimore Street property. However the First District's decision determined that it was sufficient to show he was able to exercise control. The State showed he had a key to the premises and actually used that key to enter. Thus there was sufficient evidence to convict. Ground Four should be dismissed on the merits.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Amended Petition be dismissed with prejudice.

October 10, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.