IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

MELOGRO RAINEY,

      Petitioner,   :      Case No. 1:24-cv-00437

  - vs -                      District Judge Matthew W. McFarland
                                    Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

                                     :
      Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought pursuant to 28 U.S.C. § 2254 by Petitioner Melogro Rainey with the assistance of counsel, is before the Court on Petitioner's Objections ("Objections," ECF No. 20) to the Magistrate Judge's Report and Recommendations recommending dismissal (the "Report,"ECF No. 19). District Judge McFarland has recommitted the case to the undersigned for further review in light of the Objections (Order, ECF No. 21).

**Ground One: Constitutionally Deficient Jury Instruction on Constructive Possession**

In his First Ground for Relief, Petitioner alleges that the trial court's jury instruction on constructive possession deprived him of his constitutional rights to due process, equal protection, and a fair trial in that it diminished the State's required burden to prove beyond a reasonable doubt

1

the element of possession by the Petitioner of the drugs involved.

The Report concluded that Petitioner, then represented by different counsel, has presented his jury instruction claim to the Ohio First District Court of Appeals entirely as a matter of Ohio law and therefore failed to fairly present his constitutional claim to the Ohio courts. The Report found ambiguous and "talismanic" references to the United States Constitution insufficient to fairly present the claim (Report, ECF No. 19, PageID 1535, citing *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984); *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); and *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004). The Report noted that in deciding this assignment of error the First District wrote: "Rainey argues that the trial court's constructive-possession jury instruction materially misstated Ohio law and misled the jury."

Petitioner objects that the federal constitutional argument was there in his appellate brief, but the First District just failed to notice it (Objections, ECF No. 20, PageID 1544). Counsel asserts the "Report is exceptionally picky regarding the words state appellate counsel chose" *Id.* at PageID 1546. But when one examines Petitioner's Appellate Brief, one finds that the nine pages now said to fairly present a federal constitutional argument, one finds they argue a question of Ohio law, to wit, what is needed to prove constructive possession of drugs and equipment (Appellate Brief, State Court Record, ECF No. 12, Ex. 18). In the pages devoted to arguing the relevant assignment of error (PageID 391-99) there are twenty-four citations to state court precedent. The only other authority cited is Ohio Jury Instructions. The federal issue raised in Ground One is not an issue the First District "overlooked"; it is an issue Petitioner did not fairly present. Petitioner's counsel criticizes the Report by writing "that it illustrates the absurdity of

2

demanding absolute perfection in wording." The purpose of the exhaustion doctrine is to give the state courts a fair opportunity to resolve constitutional issues before they come to federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 846-7(1999). Rather than insisting on "absolute perfection in writing," the Report merely insists that the state court be given a fair opportunity which doesn't happen when no federal cases are cited and the argument is purely in terms of state law.

**Ground Three: Ineffective Assistance of Trial Counsel**

As to Ground Three, "Rainey objects to the Report finding that the First District reasonably concluded that trial counsel was effective; Rainey objects to the Report's clear error in finding that evidence of "shake" is evidence of being a dealer rather than a user."

In support of this Objection, Petitioner asks the Court to take judicial notice:

> Rainey asks the Court to take judicial notice that marijuana dealers typically sell buds, not shake, and that it is the marijuana user that grinds the bud, creating the shake. "For the average consumer, shake collects at the bottom of your stash, which you can also use to make joints." See Leafly, Cannabis Glossary, Shake, leafly.com/learn/cannabis-glossary/shake (accessed Oct. 21, 2025). Shake is not something that a dealer purposely creates. "Shake is usually of lower quality because it's the last to go from your stash and has had the longest time to dry out and degrade." *Id.*

Fed. R. Evid. 201(b) permits a federal court to take judicial notice of an adjudicative fact that is generally known within the trial court's territorial jurisdiction or "can be accurately and readily determined from sources who accuracy cannot reasonably be questioned." Despite living in the City of Dayton all of my life and having adjudicated marijuana cases for more than forty years, I have never heard the term "marijuana shake," much less that "Dealers typically sell buds, not shake." The referenced website does assert that shake "can be used by producers to make pre-

3

rolled joints" so the referenced testimony does not unequivocally point to possession of the shake in question as possessed only by a user.

More to the point, to treat an internet website as *per se* a source whose "accuracy cannot reasonably be questioned" could lead to judicial notice that there is a pizza parlor in D.C. which serves as a front for a pedophilia ring run by Hilary Clinton and other "woke" leftists.  Why is it that the accuracy of "leafly.com" cannot reasonably be questioned?  Black's Law Dictionary contains no entry for "shake" nor does Webster's Third International.  The Court declines the request for judicial notice.

Finally, Petitioner objects to the conclusion that there was sufficient evidence of constructive possession of what was found at the Baltimore Street address.  He does not dispute that he had a key to that address and the State proved he used it once.  He admits that co-defendant Tye was a drug dealer who worked from that address.  He does not refer to the substantial additional evidence that the Baltimore address was a "stash" house.  That is, it was configured as a residence, but when searched it was not being used as a residence – there were no indica of human occupancy[1], but large amounts of drugs, guns, and money.  The fact that the co-defendant also had a key does not preclude the conclusion that they both were in constructive possession of what was found.

**Conclusion**

Having reviewed the Report in light of the Objections, the undersigned again recommends

---

[1] A dog on the property during the search was found to be licensed to Rainey at that address.

the Petition be dismissed with prejudice.

November 10, 2025.

s/ *Michael R. Merz*  
United States Magistrate Judge